UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-208-P**

**ANTONIO CHAPPLE (01),**

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 17. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

Defendant Antonio Chapple, who previously had been convicted of a felony punishable by imprisonment lasting over one year, was found by a grand jury in July 2026 to have knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On July 27, 2026, Chapple filed a Motion to Dismiss the Indictment arguing that Section 922(g)(1) exceeds Congress's power under the Commerce Clause. The Court now addresses that argument.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

In support of his Motion, Chapple asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power.

Chapple argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power."). The Court cannot look to the Fifth Circuit's granting of a rehearing en banc as authoritative.

Chapple cites no binding authority that holds to the contrary. He even concedes that Fifth Circuit precedent squarely opposes his assertion. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Chapple's Motion to Dismiss the Indictment. ECF No. 17.

**SO ORDERED** on this **5th day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE